

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAR INVESTMENT PARTNERS, L.P., Lead Plaintiff, | No. 15-15323 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-02342-VC |
| v. | MEMORANDUM[*] |
| ARUBA NETWORKS, INC.; DOMINIC P. ORR; MICHAEL M. GALVIN; KEERTI MELKOTE, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Argued and Submitted February 15, 2017
San Francisco, California

Before: BERZON and CLIFTON, Circuit Judges, and GARBIS,[**] District Judge.

PAR Investment Partners LP appeals the district court's order dismissing its

second amended putative class action complaint with prejudice for failure to allege

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Marvin J. Garbis, United States District Judge for the District of Maryland, sitting by designation.

that Aruba Networks, Inc. and three of its executives made material misrepresentations or omissions regarding the competition for market share in the wireless networking industry. We affirm.

**1. Material misrepresentation or omission.** PAR Investment's underlying theory of securities fraud rests on allegations that, throughout the class period, Aruba misrepresented and failed to disclose certain information regarding Cisco Systems, Inc.'s business operations in the market for wireless networking products and services. As the district court correctly held, these allegations do not constitute actionable securities fraud.

Companies and their executives generally cannot be held liable for securities fraud based on their alleged failure to disclose information regarding a competitor's business operations when, as here, the company has already made "detailed disclosures concerning the risk of competition." *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1406 (9th Cir. 1996). Throughout the class period, Aruba made numerous public statements regarding the specific competitive threat posed by Cisco. For example, at the February 21, 2013 quarterly earnings call, Aruba disclosed to investors and market analysts that beginning in November 2012, Cisco had implemented a new sales campaign that shifted its focus away from competing "head on, on a technological ground" with Aruba (*i.e.*, based

2

solely on the quality of each company's respective wireless networking products) and was instead attempting to compete with Aruba through "aggressive pricing, bundling of wired and wireless products, and data center upgrades."

In addition to these specific disclosures, Aruba also made several general disclosures regarding the competition for market share with Cisco. For example, Aruba's Form 10-K for the fiscal year ending July 31, 2012 identified Cisco as amongst its "primary competitors,"[1] and stated that Aruba expected competition to "intensify in the future," which "could result in increasing pricing pressure, reduced profit margin, . . . and failure to increase, or the loss of, market share, any of which could seriously harm [Aruba's] business, operating results or financial condition." Consistent with these disclosures, multiple public analyst reports acknowledged that as early as August 2012, Cisco's wireless bundling strategies posed a significant competitive threat to Aruba.

Given these disclosures, Aruba's carefully-worded public statements regarding Cisco's business operations and their effect on Aruba's revenue, market share, and success rate were not materially misleading and therefore do not satisfy the heightened pleading standards under the Private Securities Litigation Reform

---

[1] We grant Aruba's requests for judicial notice of various court filings, public SEC filings, and public analyst reports for the limited purpose of determining what information was disclosed to the public during the class period.

Act, 15 U.S.C. 78u-4(b). *See Brody v. Transitional Hospitals Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002) (holding that, to be actionable, an omission must "affirmatively create an impression of a state of affairs that *differs in a material way from the one that actually exists*" (emphasis added)); *see also Oregon Public Employees Retirement Fund v. Apollo Group Inc.*, 774 F.3d 598, 607 (9th Cir. 2014) ("The Plaintiffs' omissions theory fails to state a claim because the Defendants clearly disclosed material information to investors.").

**2. Dismissal with prejudice.** As lead plaintiff and putative class representative, PAR Investment has filed two complaints asserting the same underlying theory of securities fraud. On appeal, PAR Investment has failed to provide any new allegations that would support its securities fraud claim. The district court therefore did not abuse its discretion by dismissing the action with prejudice. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (holding that the "district court did not err when it dismissed [a private securities plaintiff's second amended putative class action complaint] with prejudice, since it was clear that the plaintiffs had made their best case and had been found wanting").

**AFFIRMED.**